SCANNED

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

CHARLES LEMONS                                          *
     C/O George Harper
     14744 Main Street
     Upper Marlboro, Maryland 20772

     Plaintiff

vs.                                                     *        Case No.: CAL 12- __01433__

PRINCE GEORGE'S COUNTY, MARYLAND
SERVE: RUSHERN BAKER
14741 Gov Oden Bowie Dr #5121
Upper Marlboro, Maryland 20772

and

OFFICER A MIRZA #2826
PGPD - DIST III
7600 Barlowe Road
Palmer Park Maryland 20785

and

PFC SWOPE #3137
PGPD - DIST III
7600 Barlowe Road
Palmer Park Maryland 20785

and

PFC KELLY #3234
PGPD - DIST III
7600 Barlowe Road
Palmer Park Maryland 20785

     Defendant

Case: CAL12-01433
NEW CASE
APP FEE PLAIN       0  10.00
CV CLERK FEE-         90.00
MD LEGAL SERV.        55.00
TOTAL              145.00
Rcst PG11   7 Rcpt # 62953
MMB   KLF     Blk # 0043
Jan 19, 2012        08:40 am

## COMPLAINT
## AND
## ELECTION FOR TRIAL BY JURY

    COMES NOW the Plaintiff, CHARLES LEMONS, by and through counsel, and sues the Defendants, PRINCE GEORGE'S COUNTY, MARYLAND, OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 and, for the plaintiff's cause and causes of action, says as follows:

1

SCANNED

## JURISDICTION

1. This Honorable Court has jurisdiction over the causes of action against the defendant PRINCE GEORGE'S COUNTY, MARYLAND , under Courts and Judicial Proceedings Article, §6-102(a), Md. Ann. Code, as it is organized under the laws of the State of Maryland;

2. This Honorable Court has jurisdiction over the causes of action against all defendants, under Courts and Judicial Proceedings Article, §6-103(b)(3), Md. Ann. Code, because all defendants caused tortious injury in this State by acts committed in this State;

## VENUE

4. Venue is appropriate in this County, under Courts and Judicial Proceedings Article, §6-201(a), Md. Ann. Code, as the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 IS/ARE person(s) employed in PRINCE GEORGE'S COUNTY, MARYLAND;

5. Venue is appropriate in this County, under Courts and Judicial Proceedings Article, §6-201(a), Md. Ann. Code, as the defendant PRINCE GEORGE'S COUNTY, MARYLAND carries on a regular business in Prince George's County;

## PARTIES

6. The plaintiff is a citizen of the United States;

7. The defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 IS/ARE Police Officer(s) for PRINCE GEORGE'S COUNTY, MARYLAND ;

8. PRINCE GEORGE'S COUNTY, MARYLAND is a Body Corporate and Politic, organized under the laws of this State;

## FACTS COMMON TO ALL COUNTS

9. On February 26, 2009, in PRINCE GEORGE'S COUNTY, MARYLAND, the plaintiff was assaulted, battered, falsely imprisoned, and falsely arrested, by the defendant(s ) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234;

10. On the same date, the defendant(s) OFC MIRZA #2826 filed a false and malicious statement of probable cause, with the District Court Commissioner, and thereby caused the issuance of false charges against the plaintiff, charges which later terminated in favor of the plaintiff;

11. As a proximate and foreseeable result of the defendants' conduct, the plaintiff suffered serious and painful injuries, including, but not limited to, bruises and contusions, suffered severe physical and mental pain and suffering, and incurred expenses for legal services as well as for hospital and physician care;

12. The plaintiff has provided timely written notice of the plaintiff's claims to the defendants, as indicated by the notice of claim attached hereto;

## COUNT ONE
### (Maryland Constitutional Claim)

13. The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

14. The apprehension and battery of the plaintiff by the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 constituted a seizure under Articles 24 and 26 of the Maryland Declaration of Rights, and the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 committed the acts alleged above with malice, hatred, and/or ill will, and without legal justification, and used unreasonable and excessive force in performing the aforesaid seizure of the plaintiff, violating the plaintiff rights under Articles 24 and 26 of the Maryland Declaration of Rights;

15. As a direct and proximate cause of the aforesaid violation of the plaintiff's rights under the Maryland Declaration of Rights, the plaintiff sustained the injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against defendant the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 jointly and severally, in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

COUNT TWO
(Battery)

16. The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

17. The aforesaid attack, seizure, apprehension, and beatings, were harmful and/or offensive intentional touchings of the plaintiff, without the plaintiff' consent, caused the plaintiff physical pain and/or injury or illness, and offended the plaintiff's reasonable sense of personal dignity;

18. The aforesaid attack, seizure, apprehension, and beatings, were performed with malice toward the plaintiff, with intent to inflict injuries, with improper motivations, and/or with ill will;

19. As a direct and proximate cause of the aforesaid batteries, the plaintiff sustained the injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 jointly and severally in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

COUNT THREE
(False Arrest)

20. The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

21. The defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 detained the plaintiff, ostensibly for the purpose of prosecuting the offender for a crime, but falsely and without legal justification, without probable cause, and without knowledge of facts and circumstances which would lead a reasonable person to believe the plaintiff had committed any offense;

22. The plaintiff did not consent to the aforesaid false arrest;

23. The plaintiff committed no felony or misdemeanor within the view of the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 who did not view and could not have viewed the plaintiff committing or attempting to commit a felony or misdemeanor;

3

SCANNED

24.   The defendant(s)   OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234  had no probable cause to believe that a felony or misdemeanor was being committed in the plaintiff's presence or view, and he did not reasonably believe that the plaintiff had committed any offense;

25.   The defendant(s)  OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234  committed the acts alleged above with malice, ill will, hatred, and/or gross, reckless disregard for the rights of the plaintiff;

26.   As a proximate and foreseeable result of the aforesaid false arrest, the plaintiff was subjected to a deprivation of the plaintiff's   liberty, suffered humiliation and degradation, and suffered mental anguish, pain, and suffering;

WHEREFORE, the plaintiff demands judgment against the defendant(s)   OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234   jointly and severally in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

COUNT FOUR
(False Imprisonment)

27.   The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

28.   The defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234  intentionally restricted the freedom of movement of the plaintiff, while the plaintiff was aware of the restriction and without the plaintiff's consent, without probable cause, and without knowledge of facts and circumstances which would lead a reasonable person to believe the plaintiff had committed the offense;

29.   The plaintiff neither  committed nor attempted to commit a felony or misdemeanor in the presence or view of the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234;

30.   The defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234  had no probable cause to believe that a felony or misdemeanor was being committed in the plaintiff's presence or view, and he did not reasonably believe that the plaintiff had committed any offense;

31.   The defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 committed the acts alleged above with malice, ill will, hatred, and/or gross, reckless disregard for the rights of the plaintiff;

32.   As a proximate and foreseeable result of the aforesaid false imprisonment, the plaintiff was subjected to a deprivation of the plaintiff's liberty, suffered humiliation and degradation, and suffered mental anguish, pain, and suffering;

WHEREFORE, the plaintiff demands judgment against the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 jointly and severally in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

COUNT FIVE
(Malicious Prosecution)

33.   The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

4

34.     On February 26, 2009, the defendant OFC MIRZA #2826  filed a false and malicious statement of probable cause, with the District Court Commissioner, and  thereby cause the issuance of false charges against the plaintiff, charges which were  later terminated in favor of the plaintiff;

35.     The defendant OFC MIRZA #2826  began and commenced the aforesaid  criminal proceeding  against the plaintiff with malice and/or with a primary purpose of instituting a proceeding other than that of bringing an offender to justice and without probable cause;

36.     The defendant OFC MIRZA #2826  is  responsible for starting the aforesaid criminal proceeding, because he directed or requested prosecution based on information which he knew to be false, and/or withheld information which a reasonable person would realize might affect the decision to prosecute, and/or gave inaccurate or incomplete information to those who prosecuted;

37.     The defendant OFC MIRZA #2826   acted without probable cause, without any reasonable grounds to believe in the plaintiff's guilt, and acted without any reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious person in believing that the plaintiff was guilty;

38.     The defendant OFC MIRZA #2826  committed the acts alleged above with malice, ill will, hatred, and/or gross, reckless disregard for the rights of the plaintiff;

39.     As a proximate and foreseeable result of the aforesaid malicious prosecution, the plaintiff was subjected to a deprivation of the plaintiff's liberty, suffered humiliation and degradation, and suffered mental anguish, pain, and suffering, and was required to retain the services of an attorney, at great expense;

        WHEREFORE, the plaintiff demands judgment against the defendant  OFC MIRZA #2826  in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

COUNT SIX
(Intentional Infliction of Emotional Distress)

40.     The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

41.     The conduct of the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 alleged above, was intentional and/or reckless, and performed with malice, ill will, hatred, and/or gross, reckless disregard for the rights of the plaintiff;

42.     The conduct of the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 alleged above, was extreme and outrageous;

43.     The conduct of the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 alleged above, proximately and foreseeably  caused severe emotional distress to the plaintiff;

        WHEREFORE, the plaintiff demands judgment against the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 jointly and severally, in the amount of $10,000,000.00 compensatory damages and $10,000,000.00 punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

SCANNED

## COUNT SEVEN
### (Respondeat Superior)

44.   The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

45.   The defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 WAS/WERE acting within the scope of the defendant's [defendants'] employment with PRINCE GEORGE'S COUNTY, MARYLAND , as a Police Officer, at the time he [they] committed the acts alleged above;

46    .The defendant PRINCE GEORGE'S COUNTY, MARYLAND , had selected and engaged for employment OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 paid the Defendant's  wages, possessed the power to dismiss him/them from employment, and possessed the power to control the Defendant's conduct, and the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 committed all of the acts alleged above with the express and/or implied authorization of the defendant PRINCE GEORGE'S COUNTY, MARYLAND;

47.   As a result of the aforesaid acts, which were committed by the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234, while acting within the scope of the defendant's employment and duties as a police officer for the defendant PRINCE GEORGE'S COUNTY, MARYLAND , the plaintiff suffered injuries, alleged above;

WHEREFORE, the plaintiff demands judgment against the defendant PRINCE GEORGE'S COUNTY, MARYLAND , in the amount of $10,000,000.00 in compensatory damages, and $10,000,000.00 in punitive damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

## COUNT EIGHT
### (Claim Against the defendant PRINCE GEORGE'S COUNTY, MARYLAND
### for Unconstitutional Custom and Practice)

48.   The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

49.   The  apprehension and battery of the plaintiff  constituted a seizure under Articles 24 and 26 of the Maryland Declaration of Rights;

50.   The defendant  PRINCE GEORGE'S COUNTY, MARYLAND , through its agents, servants, and employees, has failed to adequately train and supervise officers in the proper use of force, and  this failure to properly train and supervise officers has fostered and encouraged the use of excessive force in making apprehensions,  and demonstrates a gross disregard for the constitutional rights of Maryland citizens under Articles 24 and 26 of the Maryland Declaration of Rights, and was the proximate cause of the injuries sustained by the plaintiff, alleged above.

51.   The defendant PRINCE GEORGE'S COUNTY, MARYLAND , through its agents, servants, and employees, has consistently failed to properly investigate, document, and discipline police officers who use excessive force during the course of an apprehension; and this failure to investigate, document incidents, and discipline officers has fostered and encouraged the use of excessive force, and demonstrates a gross disregard for the rights of Maryland citizens, and was the proximate cause of the injuries to the plaintiff,  alleged above;

52.  The defendant PRINCE GEORGE'S COUNTY, MARYLAND , through its agents, servants, and employees, has consistently failed to keep adequate records of the instances in which excessive force has been employed, and when such reports have been filed, they have been routinely destroyed, and, therefore, have not been available for use in monitoring and controlling individual police officers' employment of excessive force; and the lack of adequate record keeping has deterred the defendant PRINCE GEORGE'S COUNTY, MARYLAND from adequately formulating policies and procedures which would assure that force is used in a manner which is consistent with the Constitutional rights of members of the public; and this failure to properly record instances in which excessive force has been employed demonstrates a gross disregard for rights of citizens under Articles 24 and 26 of the Maryland Declaration of Rights, and was the proximate cause of the injuries to the plaintiff, alleged above;

53.  The defendant PRINCE GEORGE'S COUNTY, MARYLAND ,, through its agents, servants, and employees, has, knowingly, with malice, and with a deliberate indifference to correction, developed an unconstitutional custom, policy, pattern, procedure, practice, a persistent, widespread course of conduct by municipal officials and/or employees, that has become a traditional way of carrying out policy, and has acquired the force of law, even though the defendant PRINCE GEORGE'S COUNTY, MARYLAND has not formally adopted or announced the custom of allowing officers to use excessive force, and has conspired to develop an illegal de facto policy of training its police officers to use excessive force;

54.  Because the use of excessive force inflicts serious and life threatening injuries, the aforesaid custom, procedure, practice, and/or official policy, and the routine training in the use of excessive force, has amounted to a gross disregard of the rights of Maryland citizens under Articles 24 and 26 of the Maryland Declaration of Rights, and was the proximate cause of the plaintiff's injuries, alleged above, which were the direct, foreseeable, and proximate result of that illegal de facto policy and training;

55.  As the direct and proximate result of the aforesaid acts of the defendant, the plaintiff suffered injuries, alleged above;

WHEREFORE, your plaintiffs demand judgment against, of, and from the defendant PRINCE GEORGE'S COUNTY, MARYLAND , in the amount of $10,000,000.00 compensatory damages, plus the costs of this suit, including reasonable attorneys fees, as permitted by law.

COUNT NINE
(42 U.S.C. 1983)

56.  The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

57.  The apprehension of the plaintiff by the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 constituted a seizure under Articles 24 and 26 of the Maryland Declaration of Rights, and under the Fourth Amendment tto the Constitution of the United States;

58.  The defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 maliciously, and without legal justification, under color of Maryland State law, used unreasonable and excessive force in performing the

7

aforesaid seizure of the plaintiff, depriving him of the plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights, and depriving him of the plaintiff's rights under the Fourth Amendment of the Constitution of the United States;

59.     As a direct, foreseeable, and proximate result of the deprivation of the plaintiff's rights under the Fourth Amendment, the plaintiff sustained the injuries, alleged above.

WHEREFORE, the plaintiff demands judgment against the defendant(s) OFC MIRZA #2826, PFC SWOPE #3137, PFC KELLY #3234 jointly and severally, in the amount of $10,000,000.00 in compensatory damages and punitive damages in the amount of $10,000,000.00, plus the costs of this suit, including reasonable attorneys' fees, as allowed by law.

COUNT TEN
(42 U.S.C. 1983)

60.     The plaintiff hereby realleges, reaffirms, and incorporates the herein, by reference hereto, all above allegations;

61.     The defendant PRINCE GEORGE'S COUNTY, MARYLAND, through its agents, servants, and employees, has failed to adequately train and supervise officers in the proper use of force, and this failure to properly train and supervise officers has fostered and encouraged the use of excessive force in making apprehensions, and demonstrates a gross disregard for the constitutional rights of Maryland citizens under Articles 24 and 26 of the Maryland Declaration of Rights, and under the Fourth Amendment to the United States Constitution, and was the proximate cause of the injuries sustained by the Plaintiff, alleged above.

62.     The defendant PRINCE GEORGE'S COUNTY, MARYLAND, through its agents, servants, and employees, has consistently failed to properly investigate, document, and discipline police officers who use excessive force during the course of an apprehension; and this failure to investigate, document incidents, and discipline officers has fostered and encouraged the use of excessive force, and demonstrates a gross disregard for the rights of Maryland citizens, and was the proximate cause of the injuries to the plaintiff, alleged above;

63.     The defendant PRINCE GEORGE'S COUNTY, MARYLAND, through its agents, servants, and employees, has consistently failed to keep adequate records of the instances in which excessive force has been employed, and when such reports have been filed, they have been routinely destroyed, and, therefore, have not been available for use in monitoring and controlling individual police officers' employment of excessive force; and the lack of adequate record keeping has deterred the defendant PRINCE GEORGE'S COUNTY, MARYLAND from adequately formulating policies and procedures which would assure that force is used in a manner which is consistent with the Constitutional rights of members of the public; and this failure to properly record instances in which excessive force has been employed demonstrates a gross disregard for rights of citizens under Articles 24 and 26 of the Maryland Declaration of Rights, and under the Fourth Amendment to the United States Constitution, and was the proximate cause of the injuries to the plaintiff, alleged above;

64.     The defendant PRINCE GEORGE'S COUNTY, MARYLAND, through its agents, servants, and employees, has, with malice, developed a custom, procedure, practice, and/or official policy, allowing officers to use

8

excessive force, and has conspired to develop an illegal de facto policy of training its police officers to use excessive force, and because the use of excessive force inflicts serious and life threatening injuries, this custom, procedure, practice, and/or official policy, and the routine training in the use of excessive force, amounted to a gross disregard of the rights of Maryland citizens under Articles 24 and 26 of the Maryland Declaration of Rights, and under the Fourth Amendment to the United States Constitution, and was and/or were the proximate cause of the plaintiff's injuries, alleged above, which were the direct, foreseeable, and proximate result of that illegal de facto policy and training.

WHEREFORE, the plaintiff demands judgment against the defendant PRINCE GEORGE'S COUNTY, MARYLAND , in the amount of $10,000,000.00 in compensatory damages, plus the costs of this suit, including reasonable attorneys' fees, as allowed by law.

by: _____

GEORGE HARPER  HA0229
Attorney for the Plaintiff
14744 Main Street, Suite 101
Upper Marlboro, Maryland 20772
(301) 627-2700


## ELECTION FOR TRIAL BY JURY

COMES NOW the Plaintiff, by and through counsel, GEORGE HARPER, and elects to have all issues herein tried before a jury.

by: _____
GEORGE HARPER

9

# LAW OFFICES
## OF
# GEORGE HARPER

14744 Main Street, Suite 101 Upper Marlboro, Maryland 20772
(301) 627-2700   Fax (301) 627-0410

January 17, 2012

Clerk of the Circuit Court
Civil Section
Courthouse
14735 Main Street
Upper Marlboro, MD 20772

RE: Charles Lemons v. P.G. County, et al

To Whom It May Concern,

Enclosed is a Complaint, a check in the amount of $145.00, and an information report.  Please issue a summons for the defendant, and please return the  summons to my office for service by private process.

Sincerely,

George Harper